UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORA LUNA, et al., | Case No. 2:17-CV-2666 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| BARBARA CEGAVSKE, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Nora Luna, Bilal Shabazz, Diane Crump-Richmond, Susan Florian, and Demi Falcon's partially unopposed motion to stay the pending hearing in this case. (ECF No. 38). Defendant Barbara Cegavske, in her official capacity as the secretary of state of Nevada, filed a response (ECF No. 39), opposing the plaintiffs' motion.

**I.  Background**

*a. The recall elections*

In August 2017, recall notices were filed against Nevada Senators Joyce Woodhouse (District 5), Nicole Cannizzaro (District 6), and Patricia Farley (District 8). (ECF No. 1). Since plaintiffs' initial complaint was filed, the recall efforts against Senator Farley failed, as the recall's proponents were unable to collect the necessary number of signatures by the statutory deadline. *Id.* The recall petitions filed against Senators Woodhouse and Cannizzaro are still active. *Id.* Recall proponents succeeded in submitting the required number of petition signatures to progress recall efforts against both these senators. *Id.* The petition signatures for Senator Woodhouse have been verified by the county registrar, while the signatures collected in support of Senator Cannizzaro's recall are still currently being verified. *Id.*

Upon verification of the petition signatures in support of Senator Woodhouse's recall, Senator Woodhouse filed a motion for declaratory and injunctive relief in Nevada state court on November 13, 2017, challenging the legal sufficiency of the recall petition against her. *Id.* The state court has set a hearing for December 29, 2017. *Id.* Pending the state court's ruling, any further proceedings on the recall petition are stayed with respect to Senator Woodhouse. *Id.*

   *b. Federal court proceedings*

Plaintiffs filed their federal complaint on October 16, 2017. On November 8, 2017, plaintiffs filed a motion for preliminary injunction, requesting that this court enjoin the state of Nevada and its elected officials from administering the recall election on federal Constitutional grounds. (ECF No. 17). Also on November 8, 2017, defendant Joseph Gloria, in his official capacity as the Clark County registrar of voters, filed a motion to dismiss. (ECF No. 23). On November 16, 2017, defendant Barbara Cegavske, filed a motion to dismiss. (ECF No. 34). The court has set an expedited schedule to hear responses to these motions on November 29, 2017. (ECF Nos. 24, 37).

**II.    Discussion**

   *a. Request to stay the hearing*

Plaintiffs are asking the court to stay the hearing in this court, set for November 29, 2017, pending the state court ruling on the legal sufficiency of the petition to recall Senator Joyce Woodhouse and to reset a hearing for as soon as practicable, should the state court affirm the legal sufficiency of the recall petition. (ECF No. 38). Plaintiffs note that if the state court rules in favor of Senator Woodhouse, or if the registrar finds the petition signatures in support of Senator Cannizzaro's recall insufficient, plaintiffs' federal case would be moot. *Id.* Additionally, if the registrar were to verify the petition signatures against Senator Cannizzaro, plaintiffs allegedly plan on challenging the finding in state court, thus staying the recall progress for the duration of that proceeding. *Id.* Defendant Gloria does not oppose staying the hearing and rescheduling it should the state court ruling uphold the recall petition. *Id.*

Defendant Cegavske opposes the stay. (ECF No. 39). Defendant argues staying the scheduled hearing on November 29, 2017, will unduly burden the schedules of defendant's

counsel, the state attorney general, who has already accommodated the expedited schedule. *Id.* Defendant's counsel has already made significant progress briefing its motion to dismiss and is ready to argue at the scheduled hearing date. *Id.* Defendant fears the availability of her counsel as the holidays approach. *Id.*

The court will grant plaintiffs' request to continue the hearing. The pending state court proceeding related to Senator Woodhouse and the registrar's certification proceeding related to Senator Cannizzaro could render plaintiffs' federal complaint moot. As a recall election cannot occur until the state court litigation and certification are complete, a hearing on the competing motions in this case on November 29, 2017, would be premature. Consistent with plaintiffs' requested relief, the court will "reset a hearing as soon as practicable if the state court affirms the legal sufficiency of the petition to recall Senator Woodhouse or Senator Cannizzaro."[1] (ECF No. 38).

### b. *Request for injunctive relief*

Plaintiffs also ask the court to immediately grant a preliminary injunction or temporary restraining order that would take effect if the state court affirms the legal sufficiency of the recall petition against Senator Woodhouse, or if the registrar certifies the petition for recall of Senator Cannizzaro. (ECF No. 38). Such relief is premature. As plaintiffs' motion notes, the recall election of Senator Woodhouse is stayed pending the outcome of the state court proceedings. *Id.* Further, the registrar has not certified the results of the petition for recall of Senator Cannizzaro. *Id.* Therefore, plaintiffs cannot demonstrate that in the absence of injunctive relief, they would be subject to irreparable harm.[2] Injunctive relief is accordingly inappropriate at this stage of litigation.

---

[1] The court is cognizant of defendant's scheduling concerns regarding the timing of a postponed hearing, and will consider them if and when it needs to reset the hearing date. As defendants note, plaintiffs may move for a temporary restraining order in the event that they obtain an unfavorable outcome in the state litigation proceeding (ECF No. 39), which, if granted, will ease the scheduling concerns defendant raises in its opposition by expanding the period of time in which a rescheduled hearing may take place on the parties' competing motions.

[2] Further, as defendant's response notes, plaintiffs have not filed a motion that properly requests and addresses the issues related to this type of injunctive relief.

**James C. Mahan**
**U.S. District Judge**

### III. Conclusion

The court will grant plaintiffs' motion in part and deny it in part. As the state legal proceedings could dispose of this federal case, rescheduling the hearing on plaintiffs' motion for preliminary injunction and defendants' motions to dismiss to a later date is appropriate. However, for the reasons stated above, the court will deny plaintiffs' request for injunctive relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to stay (ECF No. 38) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the hearing currently set for Wednesday, November 29, 2017 be, and the same hereby is, VACATED.

DATED November 21, 2017.

_____
UNITED STATES DISTRICT JUDGE